No. 12-2754

# In the United States Court of Appeals For the Eighth Circuit

_____

TREMAINE PACE,

*Plaintiff-Appellant,*

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC

*Defendant-Appellee.*

_____

**On Appeal From The United States District Court For The Western District of Missouri-Kansas City**

_____

**BRIEF OF PLAINTIFF-APPELLANT**

_____

J. MARK MEINHARDT
9400 Reeds Road, Suite 210
Overland Park, Kansas 66207
Telephone: (913) 451-9797

*Attorney for Plaintiff-Appellant*

ORAL ARGUMENT REQUESTED

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Apposite Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certification of Brief Compliance. . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

*In re Hairopoulos*, 118 F.3d 1240, 1244 (8th Cir.1997) . . . . . . . . . . . . . . . . 6

*United States v.Stanko*, 491 F.3d 408, 413 (8th Cir. 2007) . . . . . . . . . . . . . . 4

H.R. 13720, 94th Cong., 2d Sess. § 804(d) (1976) . . . . . . . . . . . . . . . . . . . . . 6

H.R. 29, 95th Cong., 1st Sess. § 804(d) (1977) . . . . . . . . . . . . . . . . . . . . . . . . 6

S. 918, 95th Cong., 1st Sess. § 805(d) (1977) . . . . . . . . . . . . . . . . . . . . . . . . . 6

Senate Committee Print No. 1, 95th Cong., 1st Sess. (1977). . . . . . . . . . . . . . 6

Senate Committee Print No. 1, 95th Cong., 1st Sess. § 805(d) (1977). . . . . . .6

C*f*.S.656, 95th Cong., 1st Sess. § 804(d) (1977) . . . . . . . . . . . . . . . . . . . . . . . 6

# JURISDICTIONAL STATEMENT

Jurisdiction of the District Court arose under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as Appellant-Plaintiff asserted claims under the Fair Debt Collection Practices Act. Appellant-Plaintiff timely filed a notice of appeal on July 25, 2012 of the District Court's grant of summary judgment of June 25, 2012. This court's jurisdiction arises from 28 U.S.C. § 1291, which provides for jurisdiction over a final judgment from a U.S. District Court.

# STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

15 U.S.C. § 1692c(c) provides:

> CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . .

Here, Appellant-Plaintiff testified that he mailed such a cease and desist letter to Defendant and Defendant continued to repeatedly call him regarding the debt. Defendant's representative's affidavit states only that "[defendant] has no record of ever receiving any sort of handwritten correspondence for Plaintiff." (Addendum Page 10: Declaration of Justin Miller)

3

The District Court held that a Fair Debt Collection Practices Act plaintiff "must make specific proof of receipt of a mailing . . ." (Addendum Page 6: Order Granting Summary Judgment) when he claims that he mailed a cease and desist letter to the third-party collector in assertion of further communications violation of 15 U.S.C. 1692c(c), holding that the "claim fails for want of proof of receipt." (Addendum Page 7: Order Granting Summary Judgment) Was the District Court in error?

## STATEMENT OF THE CASE

Appellant-Plaintiff Tremaine L. Pace appeals to this Court to review the District Court's grant of Summary Judgment in favor of third-party-debt-collector Defendant on all counts of his Fair Debt Collections Practices Act Case.

One specific ruling from the District Court is the subject of this appeal. Appellant-Plaintiff testified that Defendant continued to repeatedly call him after he mailed Defendant a cease and desist letter, in violation of the act.

## STATEMENT OF FACTS

Plaintiff appellant testified that he mailed a cease and desist letter to Defendant and Defendant continued to call him in violation of the Act. (Addendum Page 5: Order Granting Summary Judgment). Defendant claims only that "[it] has no

4

record of ever receiving any sort of handwritten correspondence from Plaintiff."
(Addendum Page 10: Declaration of Justin Miller).

## SUMMARY OF THE ARGUMENT

Appellant-Plaintiff asserts error in that the District Court ruled that a Fair Debt Collection Practices Act plaintiff "must make specific proof of receipt of a mailing . . ." (Addendum Page 6: Order Granting Summary Judgment) when he claims that he mailed a cease and desist letter to the third-party collector in assertion of further subsequent communications by the collector in violation of 15 U.S.C. § 1692c(c). This ruling erroneously adds FDCPA burdens to the long-settled mailbox rule, ruling that the "claim fails for want of proof of receipt." (Addendum Page 7: Order Granting Summary Judgment)

## ARGUMENT

The plain and unambiguous language of the statute requires only a written cease and desist letter to the debt-collector. There is no requirement for certified-mail or any other proof of delivery. 15 U.S.C. § 1692c(c), appeared in the midst of House efforts to pass the FDCPA, H.R. 13720, 94th Cong., 2d Sess. § 804(d) (1976), and was modified in each subsequent bill. In some bills, the consumer's notice was not required to be in writing, H.R. 13720, 94th Cong., 2d Sess. § 804(d); H.R. 29, 95th Cong., 1st Sess. § 804(d) (1977); S. 918, 95th Cong., 1st Sess. § 805(d) (1977). Senate Committee Print No. 1, 95th Cong., 1st Sess. (1977) settled the

5

permissible purposes of additional communications by a collector after receipt of a consumer's request to cease communication. Senate Committee Print No. 1, 95th Cong., 1st Sess. § 805(d) (1977). C*f*.S.656, 95th Cong., 1st Sess. § 804(d) (1977).

While the final version of the act did require a written cease and desist request, Appellant-Plaintiff can find no requirement of proof of receipt above and beyond long-established law.

## STANDARD OF REVIEW

"This court applies de novo review to questions of federal law involving statutory interpretation. See *United States v. Stanko*, 491 F.3d 408, 413 (8th Cir**.** 2007). Here, the District Court held "the statutory language suggests unusual concern that there be [sic] proof of receipt of a notice to stop calling." (Addendum Page 6: Order Granting Summary Judgment)

## APPOSITE CASES

This case appears to be one of first impression regarding the requirement that the FDCPA plaintiff prove the debt collector received the cease and desist letter, rather than relying on the long-established presumption of receipt.

A jury generally is permitted to infer that information sent via a reliable means-such as the postal service or a telegram was received. See *In re Hairopoulos*, 118 F.3d 1240, 1244 (8th Cir.1997) "A letter properly addressed and mailed is presumed to have been delivered to the addressee."

## CONCLUSION

Appellant seeks a ruling that the District Court erred when it found that a FDCPA plaintiff, in assertion of a violation of 15 U.S.C. § 1692c(c), must make a specific proof a mailing, that claim fails for want of proof of receipt, and that the statutory language requires such proof.

## CERTIFICATION OF BRIEF COMPLIANCE

This brief complies with the type-volume limitations, has been filed in PDF format and the brief and addendum have been scanned for viruses and are virus-free.

s/ J. Mark Meinhardt

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2011 that the Appellant's Brief was mailed to:

Joshua C. Dickinson
1000 Walnut, Suite 1400
Kansas City, MO 64106

Joshua C. Dickinson
jdickinson@spencerfane.com

By: /s/J. Mark Meinhardt