No. 12-2754

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**TREMAINE L. PACE,**

Appellant,

vs.

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

Appellee.

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

## BRIEF OF APPELLEE PORTFOLIO RECOVERY ASSOCIATES, LLC

Joshua C. Dickinson, MO #51446
Spencer Fane Britt & Browne LLP
12925 West Dodge Road, Suite 107
Omaha, NE 68154
Telephone: (402) 965-8600
Attorneys for Appellee

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eighth Circuit Court of Appeals Local Rule 26.1A, Appellee Portfolio Recovery Associates, LLC states that it is a wholly-owned subsidiary of Portfolio Recovery Associates, Inc., which is a publicly-traded parent holding company. No other publicly-traded corporation owns 10% or more of its stock.

i

Appellate Case: 12-2754     Page: 2     Date Filed: 11/29/2012 Entry ID: 3979819

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ..........................................................i

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT OF ISSUES ....................................................................................1

STATEMENT OF FACTS .....................................................................................1

SUMMARY OF ARGUMENT ..............................................................................2

ARGUMENT .........................................................................................................3

    I.    The District Court Did Not Commit Error In Holding That The Non-Contact Provision Of Section 1692(c) Triggers Only Upon Receipt Of The Cease And Desist Letter By The Debt Collector ....................................3

    II.    The District Court Did Not Commit Error In Holding That Pace Failed To Produce Evidence Sufficient To Demonstrate A Genuine Issue Of Material Fact As To Whether PRA Received A Cease And Desist Letter ..............................................................................................4

        A.    Pace Presented No Evidence That PRA Ever Received A Cease And Desist Letter.........................................................................4

        B.    The "Mailbox Rule" Is Not Applicable Or Supported..........................6

    III.    The District Court's Decision Should Be Affirmed For The Alternative Reason That Pace Failed To Present Evidence Of Calls Subsequent To The Date PRA Received the Alleged Cease and Desist Letter...................................................................................................8

CONCLUSION ....................................................................................................10

CERTIFICATE OF COMPLIANCE AND SERVICE .........................................11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

In re Hairopoulos,
 118 F.3d 1240 (8th Cir. 1997) ................................................................6

In re: Yoder Co.,
 758 F.2d 1114 (6th Cir.1985) ................................................................8

Laird v. Norton Healthcare, Inc.,
 442 Fed.Appx. 194 (6th Cir. 2011)....................................................7, 8

Washington Metropolitan Area Transit Authority v. Local 689,
 Amalgamated Transit Union,
 818 F.Supp.2d 888 (D. Md. 2011).........................................................7

Wielicki v. HMC Group,
 2009 WL 2496642 (N.D. Ohio 2009)....................................................4

Wiser v. Wayne Farms,
 411 F.3d 923 (8th Cir. 2005) .................................................................6

**FEDERAL STATUTES**

15 U.S.C. § 1692(c) .......................................................................................3

15 U.S.C. § 1692c(c)......................................................................................4

# STATEMENT OF ISSUES

1. Whether the District Court correctly determined that the FDCPA non-contact provision found in 15 U.S.C. § 1692(c) is only triggered upon receipt by the debt collector of a mailed request to cease and desist further contact.

2. Whether the District Court correctly determined that Appellant, Tremaine Pace ("Pace"), failed to present any evidence in support of the position that Portfolio Recovery Associates, LLC, Appellee ("PRA") received a cease and desist letter from Pace.

3. Whether the District Court's order should be confirmed for the alternative reason that Pace failed to present evidence of contacts by PRA after the date PRA allegedly received a letter from Pace.

# STATEMENT OF FACTS

Pace argues in his brief before this Court that PRA continued to contact him after he mailed a cease and desist letter to PRA in violation of 15 U.S.C. § 1692(c). The record on appeal fails to support any part of this assertion. Pace's first sentence of his Statement of Facts is not supported. Pace claims on page 4 of his Brief that "Plaintiff appellant testified that he mailed a cease and desist letter to Defendant and Defendant continued to call him in violation of the Act." Pace cites to page 5 of the Addendum, which is the District Court's Order. In fact, the Court made no factual finding concerning this issue and instead was merely setting forth

1

the arguments levied by Pace in his briefing. Pace failed to offer any *evidence* below that he received phone calls after allegedly sending a cease and desist letter. (Appellee's Separate Appendix, Pages 1-8).

PRA never received a letter from Pace and offered declaration testimony in support of such position. (Addendum, p. 10, ¶ 9). Pace offered no evidence to rebut PRA's testimony in this regard. (Appellee's Separate Appendix, pp. 1-4).

The only evidence in this Court's record concerning the allegations that Pace sent a cease and desist letter to PRA are the findings of Judge Sachs in his Order, wherein he stated Pace made a "vaguely asserted claim that at some point he sent such a letter" and "plaintiff cannot recall when he sent the letter, the mailing address, or the content of the letter." (Addendum at p. 5).

## SUMMARY OF ARGUMENT

In order to prevail on a claim under 15 U.S.C. § 1692(c), Pace bears the burden of showing that he mailed and PRA received a cease and desist request, and that subsequently PRA continued to contact him concerning his debt. Pace failed to present plausible evidence that he ever sent such a letter; he presented no evidence that PRA ever received such a letter; he failed to rebut PRA's evidence of non-receipt; and he failed to present any evidence of contacts by PRA after the alleged letter was sent and received. Pace's failure to tender such evidence to the

2

District Court at the summary judgment phase doomed his case and warranted dismissal. Summary judgment should be affirmed.

## ARGUMENT

**I. The District Court Did Not Commit Error In Holding That The Non-Contact Provision Of Section 1692(c) Triggers Only Upon Receipt Of The Cease And Desist Letter By The Debt Collector**

The legal issue before the District Court and now before this Court is straightforward. The FDCPA, 15 U.S.C. § 1692(c), requires that once a debt collector receives a written request to cease and desist communications with a debtor, the debt collector must honor the request. A failure to honor this request violates the statute. Critical to the analysis before this Court, the FDCPA further states, "If such notice from the consumer is made by mail, notification shall be complete upon receipt." Id. This language makes the effectiveness of a cease and desist letter cognizable only upon receipt by the collector; not, as Pace apparently advances, upon vague allegations of sending.

Moreover, and as noted by Judge Sachs below, the drafters of Section 1692(c) demonstrated "unusual concern that there be proof of receipt of a notice to stop calling." (Addendum, p. 6). His point is well taken. The Court should presume that Congress purposefully included the provision requiring receipt of the cease and desist letter before it is effective. If Congress had wished that vague and unsubstantiated assertions of sending a letter were sufficient to trigger liability

3

under Section 1692(c), it could have omitted the language requiring receipt, or been silent on the point and left it for the courts to sort out. Instead, it chose to protect debt collectors from the burden of a jury trial when alleged notices were subject to the whims of a debtor's imagination or the risks of lost mail.

Other courts have recognized the specific inclusion of this language and differentiated it from other provisions of the FDCPA. Wielicki v. HMC Group, 2009 WL 2496642 fn.1 (N.D. Ohio 2009) ("Unlike Section 1692c(c), Section 1692g(b) simply requires notification in writing, and does not provide any provision that notification is dependent upon receipt. See 15 U.S.C. § 1692c(c) ('A notification made through the mail is deemed completed upon receipt')").

The District Court properly held that under Section 1692(c), "*notification shall be complete upon receipt.*" (Addendum at p. 5 (emphasis in original)). This holding should be affirmed.

II. **The District Court Did Not Commit Error In Holding That Pace Failed To Produce Evidence Sufficient To Demonstrate A Genuine Issue Of Material Fact As To Whether PRA Received A Cease And Desist Letter**

   A. **Pace Presented No Evidence That PRA Ever Received A Cease And Desist Letter**

Pace alleges to have *mailed* a cease and desist letter to PRA.[1] The germane determination for the Court, therefore, is whether Pace presented any evidence to

---

[1] Pace has failed to present this Court with any deposition testimony to support this position, but a fair reading of the findings in the District Court's Order reveals that Pace testified at least to this much.

4

support his allegation that PRA *received* any such communication. On this point, Pace failed to present to the District Court any evidence of his own, and largely agreed with the citations to the record offered by PRA. (Appellee's Separate Appendix at pp. 1-4).

The uncontroverted record below demonstrates that PRA had no record of ever receiving any sort of correspondence from Pace. PRA provided declaration testimony from a PRA employee, Justin Miller, testifying to such lack of receipt. (Addendum, p. 10, ¶ 9). Pace never challenged the admissibility or veracity of this testimony. (Appellee's Separate Appendix at pp. 1-8). Moreover, and as Judge Sachs noted, Pace further failed to offer any evidence suggesting that PRA received the notice and it was "buried somewhere in the files or was negligently or otherwise destroyed." (Addendum at p. 7). Pace further does not present any evidence as to PRA's record keeping, missing records, or retention policies. (Appellee's Separate Appendix at pp. 1-8). Pace presented nothing at all for the District Court to conclude that any evidence existed that PRA received any letter from Pace.

The sum and substance of Pace's response to PRA's evidence and arguments is to glibly offer: "The veracity of the claim is one for the jury." (Appellee's Separate Appendix at p. 7). Such simplistic argument turns Rule 56 on its head. Pace is not entitled to have a jury hear a claim until he demonstrates that an issue

5

of material fact exists for the jury to consider. Rule 56 does not allow a party to survive summary judgment by merely suggesting that genuine issues of material fact will be presented at trial. Such issues must be presented to the District Court in response to the summary judgment motion. As the District Court correctly noted, "the claim thus fails for want of proof of receipt."

### B. The "Mailbox Rule" Is Not Applicable Or Supported

In his "Apposite Cases" section, Pace argues for application of what is commonly referred to as the "Mailbox Rule" as a means to end run his lack of evidentiary support for receipt of the cease and desist letter by PRA. As a procedural matter, this argument should not be considered because it was not raised by Pace in the proceedings below. (Appellee's Separate Appendix at pp. 1-8). See Wiser v. Wayne Farms, 411 F.3d 923, 926 (8th Cir. 2005) ("in general, this court will not consider arguments raised for first time on appeal").

Even if this Court were to ignore the fact that Pace did not afford the District Court the opportunity to review and apply the record below to this new legal theory, the legal theory itself is not supported in the record before this Court. Pace cites to In re Hairopoulos, 118 F.3d 1240, 1244 (8th Cir. 1997) as an example of this common law rule's most basic principal, "a letter properly addressed and mailed is presumed to have been delivered to the addressee." The rule fails here, however, for at least the following reasons.

6

First, Congress has preempted application of the common law Mailbox Rule by expressly including a provision requiring that notices sent under Section 1692(c) "shall be complete upon receipt."  Congress is presumed to be aware of common law legal principles and is vested with authority to abrogate such rules. <u>Washington Metropolitan Area Transit Authority v. Local 689, Amalgamated Transit Union</u>, 818 F.Supp.2d 888 (D. Md. 2011).  Congress did so here.

Second, Pace fails to present any record that would support application of the Mailbox Rule under the facts of this case.  The Mailbox Rule, even under the limited authority cited by Pace, requires evidence that Pace properly addressed and mailed a letter to PRA.  No such evidence exists in the record.  To the contrary, the only evidence in this Court's record concerning the allegations that Pace sent a cease and desist letter to PRA are the findings of Judge Sachs in his Order, wherein he stated Pace made a "vaguely asserted claim that at some point he sent such a letter" and "plaintiff cannot recall when he sent the letter, the mailing address, or the content of the letter.  (Addendum at p. 5).

The Sixth Circuit has recently examined this issue in more depth, and has spelled out the underpinnings necessary to apply the Mailbox Rule.  Specifically, the court has held that a "rebuttable presumption arises upon proof that the document was 'properly addressed, had sufficient postage, and was deposited in the mail.'"  <u>Laird v. Norton Healthcare, Inc.</u>, 442 Fed.Appx. 194, 198 (6th Cir.

7

2011) citing In re: Yoder Co., 758 F.2d 1114, 1118 (6th Cir.1985). Here, the record below demonstrates scant evidence of the third factor, and confirms the non-existence of the first two factors. When, as here, any element of the Mailbox Rule is absent, it cannot be applied. Id. The rationale is obvious. Absent proof of the typical indicia of reliability associated with presumably reliable delivery methods such as mail service, application of the presumption of the Mailbox Rule is fundamentally unfair. This would especially be true under the facts of this case, wherein the record clearly demonstrates that PRA never received any letter from Pace.

In short, Pace's untimely attempt to invoke the Mailbox Rule should not be allowed on procedural or substantive grounds. Summary Judgment should be affirmed.

### III. The District Court's Decision Should Be Affirmed For The Alternative Reason That Pace Failed To Present Evidence Of Calls Subsequent To The Date PRA Received the Alleged Cease and Desist Letter

In order to prevail on a claim under 15 U.S.C. § 1692(c), a plaintiff must prove both that a cease and desist letter was received by the debt collector, **and** the debt collector continued to make illegal contacts with the debtor after receipt of the letter. Judge Sachs correctly found no issue of material fact as to the former issue, so he never reached the latter issue. But, the record is equally undisputed that Pace

8

failed to present any evidence that he received contacts from PRA after PRA received his alleged letter.

Pace failed to even attempt to show that communications were made by PRA subsequent to the receipt of the alleged letter. (Appellee's Separate Appendix at pp. 1-8). Pace claims on page 4 of his Brief that "Plaintiff appellant testified that he mailed a cease and desist letter to Defendant and Defendant continued to call him in violation of the Act." Pace cites to page 5 of the Addendum, which is the District Court's Order. In fact, the Court made no factual finding concerning this issue and instead was merely setting forth the arguments levied by Pace in his briefing.

It is not surprising that Pace did not attempt to create an issue of fact as to subsequent phone calls, as such task would be impossible to accomplish given his vague testimony concerning the phantom letter. Indeed, Judge Sachs noted Pace's "vaguely asserted claim that at some point he sent such a letter" and "plaintiff cannot recall when he sent the letter, the mailing address, or the content of the letter. (Addendum at p. 5).

Even if Pace had any inkling of when he sent the alleged letter, and could competently testify as to post-notice communications, he did not do so in his brief below. (Appellee's Separate Appendix at pp. 1-8). Pace made no effort whatsoever to point the District Court to any portion of the record that would

9

demonstrate that Pace received phone calls subsequent to PRA receiving an alleged correspondence from Pace. As such, the District Court's order should be affirmed for this alternative reason.

## **CONCLUSION**

For the reasons set forth above, PRA respectfully requests that this Court affirm the District Court's judgment entered against Pace and in favor of PRA.

>PORTFOLIO RECOVERY
>ASSOCIATES, LLC, Appellee
>
>By: s/ Joshua C. Dickinson
>Joshua C. Dickinson, Bar Number 51446
>Spencer Fane Britt & Browne LLP
>12925 West Dodge Road, Suite 107
>Omaha, NE 68154
>Telephone: (402) 965-8600
>Facsimile: (402) 965-8601
>E-mail: jdickinson@spencerfane.com

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that:

1. This brief complies with the type-volume limitation of FRAP 32(a)(7)(B) because this brief contains 2,261 words, excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in size 14 font, Times New Roman type style.

3. This brief complies with 8th Cir. R. 28A(h) because it has been scanned for viruses, is virus-free, and is filed in searchable, Portable Document Format.

4. On this 28th day of November, 2012, this brief was filed electronically with the Clerk of the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system and service on all participants in the case will be accomplished by the CM/ECF system.

s/ Joshua C. Dickinson<br>
Attorney for Appellee<br>
November 28, 2012

Appellate Case: 12-2754   Page: 15   Date Filed: 11/29/2012 Entry ID: 3979819